ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 11 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| HUGH A. BROWN, JR., BRITTNEY GILLIAMS BROWN, AND KEVIN MICHAEL BROWN | No. **1:25 CR 0274** <br><br> UNDER SEAL |

THE GRAND JURY CHARGES THAT:

### Count One
### (18 U.S.C. § 1349, Bank Fraud Conspiracy)

1. Beginning in or about February 2022 and continuing through in or about February 2025, in the Northern District of Georgia and elsewhere, the Defendants, HUGH A. BROWN, JR., BRITTNEY GILLIAMS BROWN, and KEVIN MICHAEL BROWN, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding among themselves and with each other, and with others known and unknown to the Grand Jury, to commit an offense against the United States, to wit: to knowingly execute and attempt to execute a scheme and artifice (i) to defraud federally insured financial institutions, and (ii) to obtain moneys, funds, assets, and property owned by and under the custody and control of federally insured financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, in violation of Title 18, United States Code, Section 1344.

*Background: The Defendants and Relevant Entities*

2. Defendant HUGH A. BROWN, JR. (BROWN) is the registered owner of HABJ Consultation LLC (HABJ), which he incorporated in New York in or about January 2015.

3. Defendant BRITTNEY GILLIAMS BROWN (GILLIAMS) is the registered owner of K Rose Collection LLC, which she registered in Georgia in or about August 2020.

4. In or about July 2023, Defendants BROWN and GILLIAMS married. They have resided in the Northern District of Georgia at all times relevant to this indictment.

5. Defendant KEVIN MICHAEL BROWN (KEVIN BROWN) is Defendant BROWN's brother and has also resided in the Northern District of Georgia at all times relevant to this indictment.

6. The Federal Deposit Insurance Corporation (FDIC) is a federal agency that insures the deposits of accountholders at member banks.

7. The National Credit Union Share Insurance Fund is a federal fund that insures the deposits of accountholders at member credit unions.

8. At all times relevant to this indictment, Navy Federal Credit Union (NFCU) was federally insured by the National Credit Union Share Insurance Fund. Bank of America (BOA), Ameris Bank (Ameris), and Wells Fargo (WF) were federally insured by the FDIC.

2

*Manner and Means of Conspiracy*

9. Beginning in or about February 2022 and continuing through in or about February 2025, Defendants BROWN, GILLIAMS, and KEVIN BROWN, along with others known and unknown to the Grand Jury, submitted fraudulent loan applications to NFCU and BOA purportedly seeking financing for the purchase of vehicles from private sellers.

10. In each instance, the applicant of the loan listed another individual as the payee for the loan disbursement. In some cases, the Defendants were listed as the applicant for the loans, and in other instances, the Defendants were listed as the designated payee.

11. The loan applications contained specific descriptions of the vehicles the applicant allegedly intended to purchase, which would also serve as security for the loan. In most instances, the Vehicle Identification Number (VIN) listed on the applications did not correspond to the listed vehicle. The Defendants also used the same fraudulent VIN number on multiple loan applications.

12. With respect to the vehicle loans obtained from BOA, the Defendants submitted fraudulent titles, purportedly from North Carolina, in support of their loan applications.

13. With respect to the vehicle loans sought from NFCU, the loans were disbursed to the applicant and designated payee based on the vehicle information provided in the application. The Security Agreement required the

3

applicant to provide "Certificate of Title or other proof of ownership" to NFCU no later than three months from the date of financing to avoid penalties. The Defendants and the applicants generally did not supply the required proof of ownership to NFCU.

14. With respect to the vehicle loans from NFCU, borrowers were required to provide employment and monthly income information. The applicants, including Defendants BROWN, GILLIAMS, and KEVIN BROWN, primarily listed the same employer — Company 1. Company 1 has no record of any of these individuals working there.

15. With respect to two loans for which Defendant BROWN was listed as the payee, the applicants — D.G. and C.H. — listed the same monthly income of $15,416.67, while C.H. stated she worked for Company 1. In another instance, C.H. reported her monthly income as $16,416.67 and her employer as Company 1 in a loan payable to GILLIAMS.

16. From in or about December 2021 to November 2023, Defendants BROWN, GILLIAMS, and KEVIN BROWN each applied for one or more personal loans in which he or she also falsely claimed to be employed by Company 1.

17. As a part of the scheme to defraud multiple financial institutions, Defendants BROWN, GILLIAMS, and KEVIN BROWN, aided and abetted by others known and unknown to the Grand Jury, submitted loan applications

4

containing multiple material misrepresentations as described in the following
table:

|  | Application Date | Bank | Loan Applicant | Listed Payee | Amount Disbursed [Or Sought, If Denied] |
|---|---|---|---|---|---|
| a. | 2/26/22 | NFCU | BROWN | D.S. | $80,000 |
| b. | 11/28/22 | NFCU | A.E. | BROWN | $50,000 |
| c. | 12/5/22 | NFCU | GILLIAMS | KEVIN BROWN | $70,000 |
| d. | 12/26/22 | NFCU | BROWN | G.A. | [$60,000] |
| e. | 1/18/23 | BOA | GILLIAMS | BROWN | $65,000 |
| f. | 3/9/23 | NFCU | J.C. | KEVIN BROWN | $40,000 |
| g. | 3/10/23 | BOA | KEVIN BROWN | BROWN | $85,000 |
| h. | 4/30/24 | NFCU | C.H. | BROWN | [$40,000] |
| i. | 7/9/24 | NFCU | D.G. | BROWN | $40,000 |
| j. | 9/25/24 | NFCU | C.H. | GILLIAMS | [$40,000] |
| k. | 11/15/24 | NFCU | L.K.A. | BROWN | $50,000 |
| l. | 2/25/25 | NFCU | C.M. | BROWN | [$40,000] |

18. A purported vehicle with the same VIN ending in 475385, was listed as the intended security for four loans, corresponding with rows e, h, i, and l in the above chart. Similarly, a purported vehicle with the same VIN ending in 011473 was listed as the intended security for two loans, corresponding with rows g and k in the above chart. The applicant was different for each loan, but Defendant BROWN was the designated payee in every case.

All in violation of Title 18, United States Code, Section 1349.

## Count Two
## (18 U.S.C. § 1344, Bank Fraud)

19. The facts alleged in paragraphs 2 through 6 of this Indictment are re-alleged and incorporated here.

*Paycheck Protection Plan Bank Fraud Scheme*

20. In or about June 2020, in the Northern District of Georgia and elsewhere, the Defendant, HUGH A. BROWN, JR., knowingly executed and attempted to execute a scheme and artifice to defraud Cross River Bank, a financial institution whose deposits were then insured by the FDIC, and to obtain moneys, funds, assets, and property owned by and under the custody and control of Cross River Bank, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts.

21. Cross River Bank participated as a lender in the Paycheck Protection Program ("PPP"), which was designed to help small businesses survive the

6

COVID-19 pandemic by providing them with funds to cover certain payroll costs, including benefits, interest on mortgages, rent, and utilities. BlueVine participated in the PPP program by collecting applications, performing underwriting, and submitting approved applications to lenders such as Cross River Bank.

22. To be eligible for a PPP loan, a business had to have been "in operation on February 15, 2020," among other requirements.

23. While HABJ was incorporated in 2015, it was not an active business during the relevant time frame. Nevertheless, Defendant BROWN signed and submitted to Cross River, through Bluevine, a fraudulent PPP loan application, requesting a PPP loan for HABJ in the amount of $162,500.

24. Defendant BROWN falsely and fraudulently certified that the information he provided in the PPP loan application and in all supporting documents and forms was "true and accurate in all material respects."

25. Contrary to his false certification, the PPP loan application that Defendant BROWN submitted was filled with materially false and fraudulent representations. For example:

   a. Defendant BROWN certified that HABJ was "in operation on February 15, 2020."

   b. Defendant BROWN certified that a PPP loan was "necessary to support the ongoing operations" of HABJ.

7

    c. Defendant BROWN certified that HABJ had 9 employees.

    d. Defendant BROWN stated that HABJ had an average monthly payroll of $65,000.

26. When he signed the application and submitted it to Cross River Bank, through Bluevine, Defendant BROWN knew and had reason to know that the application contained materially false and fraudulent representations.

27. In support of his PPP loan application, Defendant BROWN included a fake IRS Form 940, Employer's Annual Federal Unemployment Tax Return (FUTA), claiming $779,998.91 in payments to employees of HABJ in 2019.

28. As a result of Defendant BROWN's materially false and fraudulent representations, Cross River transferred $162,500 in PPP loan proceeds to Defendant BROWN's custody and control.

### Execution of the Bank Fraud Scheme

29. On or about June 26, 2020, in the Northern District of Georgia and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud Cross River Bank, and to obtain moneys, funds, assets, and property owned by and under the custody and control of Cross River Bank, Defendant BROWN, with intent to defraud, signed and submitted a fraudulent PPP loan application, requesting a PPP loan for HABJ in the amount of $162,500.

All in violation of Title 18, United States Code, Section 1344.

8

## Counts Three through Twelve
### (18 U.S.C. § 1957, Money Laundering)

30. The facts alleged in paragraphs 2 through 18 and 20 through 28 of this Indictment are re-alleged and incorporated here.

31. On or about the dates listed below, in the Northern District of Georgia and elsewhere, the Defendants listed below, aided and abetted by one another and others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the monetary transactions described below in criminally derived property of a value greater than $10,000, consisting of the deposit, withdrawal, transfer, and exchange, in and affecting interstate and foreign commerce, of funds and monetary instruments by, through, and to a financial institution, such property having been derived from specified unlawful activity, namely, the bank fraud schemes charged in Counts One and Two:

| Count | Defendant | Date | Transaction Type (Loan Applicant) | Depository Account | Amount |
|-------|-----------|------|-----------------------------------|--------------------|--------|
| Three | BROWN | 12/2/22 | Deposit of NFCU Loan Check (A.E.) | NFCU x0812 | $50,000 |
| Four | KEVIN BROWN | 12/7/22 | Deposit of NFCU Loan Check (GILLIAMS) | BOA x7181 | $70,000 |
| Five | GILLIAMS | 12/18/22 | Deposit of Cashier's Check from KEVIN BROWN | BOA x 4784 | $50,000 |

9

| Count, cont. | Defendant | Date | Transaction Type (Loan Applicant) | Depository Account | Amount |
|---|---|---|---|---|---|
| Six | BROWN | 1/23/23 | Deposit of BOA Loan Check (GILLIAMS) | WF x8597 | $65,000 |
| Seven | BROWN | 3/18/23 | Deposit of BOA Loan Check (KEVIN BROWN) | WF x8597 | $85,000 |
| Eight | KEVIN BROWN | 3/23/23 | Deposit of Cashier's Check from J.C. | BOA x7181 | $40,000 |
| Nine | BROWN | 7/10/24 | Deposit of NFCU Loan Check (D.G.) | Ameris x4552 | $40,000 |
| Ten | BROWN | 11/19/24 | Deposit of NFCU Loan Check (L.K.A.) | Ameris x4552 | $50,000 |
| Eleven | BROWN | 6/30/20 | Deposit of PPP Loan (BROWN) | BOA x1577 | $162,500 |
| Twelve | BROWN | 7/1/20 | Online Banking transfer from BOA x1577 | BOA x3323 | $50,000 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## Forfeiture Provision

32. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, the Defendants, HUGH A. BROWN, JR., BRITTNEY GILLIAMS BROWN, and KEVIN MICHAEL BROWN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations, including, but not limited to:

10

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of this Indictment.

33. Upon conviction of one or more of the offenses alleged in Counts Three through Twelve of this Indictment, the Defendants, HUGH A. BROWN, JR., BRITTNEY GILLIAMS BROWN, and KEVIN MICHAEL BROWN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of property obtained as a result of the offenses alleged in Counts Three through Twelve of this Indictment.

34. If, as a result of any act or omission of the Defendants, property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c)

11

and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property.

A _____ _TRUE_ _____ BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
 *United States Attorney*

/s/ *Jessica C. Morris*

JESSICA C. MORRIS
 *Assistant United States Attorney*
Georgia Bar No. 100907

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

12